IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHAWN F. FARLEY,

            Petitioner

    VS.

HOWARD SILLS, SHERIFF,

            Respondent

NO. 5:10-CV-167 (MTT)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Howard Sills' motion seeking dismissal of the above-captioned petition for habeas corpus relief. Tab #12. Therein, respondent Sills contends that, prior to filing the instant action, petitioner Shawn F. Farley failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). On September 3, 2010, the petitioner was ordered to respond to the motion on or before September 23, 2010. Tab #13. To date, no such response has been filed. The respondent's motion seeking dismissal is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2009, in Putnam County, Georgia, petitioner Farley pled guilty to, and was convicted for, the offenses of Aggravated Assault on a Peace Officer, Obstruction of an Officer, Cruelty to Children, and three (3) counts of Family Violence Battery. He was sentenced to a total of twenty-five (25) years — the first eight (8) years to be served in confinement and the balance on probation. On April 21, 2010, petitioner Farley executed the instant **federal** habeas corpus petition. Tab #1. On May 11, 2010, he filed a supplement to his original petition. Tab #7. Thereafter, the respondent filed a response to the petition and supplement as well as the instant motion seeking dismissal (Tab #11).

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

## DISCUSSION AND CONCLUSION

Because it is undisputed that petitioner Farley did not exhaust his available state judicial remedies prior to filing the instant petition, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to his right to re-file if and when he exhausts his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 5th day of OCTOBER, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE